2010-02543
FILED
September 02, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002902022

**10**
DOUGLAS E. KIRKMAN (State Bar 53892)
Email: dkirkman@wkblaw.com
PATRICIA J. LEE (State Bar 261463)
Email: plee@wkblaw.com
WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
10640 Mather Blvd., Suite 200
Mather, California 95655
Telephone:    (916) 920-5286
Facsimile:    (916) 920-8608

Attorneys for Plaintiff Kobra Restaurant Properties, LLC.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>FOOD SERVICE MANAGEMENT, INC., SIERRA VALLEY RESTAURANTS, INC., CENTRAL VALLEY FOOD SERVICES, INC., KOBRA ASSOCIATES, INC.,<br><br>Debtors, | Case No. **09-40066-C-11**<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 09-40068, 09-40212 and 09-40214) |
| KOBRA RESTAURANT PROPERTIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY N. McFARLAND, in her capacity as Chapter 11 Trustee for Debtors listed above, CEF FUNDING II, L.L.C., CEF FUNDING V, LLC, EQUITY LENDERS, LLC,<br><br>Defendants. | Adv. Proc. No.<br><br>**COMPLAINT/OBJECTION TO CLAIMS AND OBJECTIONS BY CHAPTER 11 TRUSTEE, CEF, EQUITY LENDERS; REQUEST FOR ADJUDICATION OF ALL OBJECTIONS**<br><br>Dept: C<br><br>**DEMAND FOR JURY** |

PLAINTIFF KOBRA RESTAURANT PROPERTIES, Inc., ("KRP") by and through its

undersigned counsel, and for their request for relief against BEVERLY N. McFARLAND, in

her capacity as Chapter 11 Trustee for Debtors listed above, ("Trustee"), CEF FUNDING II,

L.L.C. and CEF FUNDING V, LLC, (collectively "CEF"), EQUITY LENDERS, LLC,

{13421.01900 / 00512972.DOC.2}                    1

WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
*Attorneys at Law*
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

("EQUITY LENDERS"), hereby state and allege as follows:

## INTRODUCTION AND OVERVIEW

1.    KRP, CEF, and Equity Lenders have all filed objections to the Chapter 11 Trustee's proposed cure amounts to be paid as a condition to assignment and assumption of leases of five of the JIB restaurant sites which were sold, with each claiming that it is entitled to the same back rent payments which were not paid during a period commencing August 2008 after certain addenda to the leases purporting to reduce or forgive rent were signed, but which were void because they were executed without the consent of the senior lenders, which was required.  While the Trustee is apparently contesting the all of these claims, she has thus far filed formal objections only to the cure claim which was filed by Kobra Restaurant Properties, LLC., ("KRP").  Because each of these three claimants is asserting that it has rights to the same dollars as the other, there are questions of fact and law which are common to the assertions of all three claimants.  Without joinder of all claimants in the same proceedings there is a danger of inconsistent results.  Principles of judicial economy and efficiency indicate that joinder of the other two claimants and resolution all the claims in the same proceeding is appropriate.  Plaintiff brings this action to insure that the all of the respective parties' claims to these back rent payments are adjudicated by the Court in the same proceeding.

## PARTIES

2.    Kobra Restaurant Properties, Inc., is a California corporation with its principal place of business in Roseville, California.

3.    Each of CEF II and CEF V (sometimes collectively "CEF") is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona, and doing business within the State of California. They are successors in interest to either GE Commercial Finance Business Property Corporation, or to GE Capital Franchise Finance Corporation, or similarly named entities, who had made loans on many of the Jack in the Box sites, including the five which were owned by KRP which are the subject of the cure claims field by KRP, CEF, and Equity Lenders.  As detailed below, CEF has filed claims asserting that it is a secured creditor in the above-captioned bankruptcy proceedings.

WAGNER KIRKMAN BLAINE
KLOMPARENS& YOUMANS LLP
Attorneys at Law
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

4.      Equity Lenders, L.L.C. is a limited liability company organized and existing under the laws of the State of Illinois, and asserts an interest in the real and personal property described herein.   As detailed below, Equity Lenders has asserted certain "Cure Amount Objections in connection with the above-captioned bankruptcy proceedings.

5.      Beverly N. McFarland is the duly appointed Chapter 11 Trustee for the JIB Debtor's collective chapter 11 cases.

## BACKGROUND

### A.      Jurisdiction and Venue

6.      The court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

### B.      The Debtor's Bankruptcy Filing

7.      On September 18, 2009, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

8.      On September 30, 2009, the Court entered an order approving the acting United States Trustee's appointment of Beverly N. McFarland as Chapter 11 Trustee for the JIB Debtor's collective chapter 11 cases.  On October 2, 2009, the Trustee's appointment became effective upon delivering the requisite bonds to the United States Trustee.

### C.      The Debtor's Business

9.      The Debtors owned 70 Jack in the Box stores throughout Central and Northern California, which they operated under franchise agreements with Jack in the Box Inc. The Debtor operated the stores through multiple real property leases, including several leasing with the real property owner and landlord Kobra Restaurant Properties, Inc.

10.      On February 17, 2010, the Trustee filed her Motion for Order Approving Going Concern Sale of Substantially All Operating Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S. C. Section 363 (the "Sale Motion").  Pursuant to the Sale Motion, the Trustee sought approval of the sale of 61 stores to Stalking Horse Buyers (as defined in the Sale Motion) to the highest bidders for 5 stores at the conclusion of an auction or in the alternative, approval of a sale of each store to the highest and best

WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
Attorneys at Law
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

bidder(s) following an auction and sale hearing.

11.    In connection with the Sale Motion, the Trustee filed a motion for order to assume and assign executory contracts and unexpired leases (the "Assumption Motion") [Docket No. 519].  In the Assumption Motion, among other things, the Trustee sought to establish cure amounts for certain contracts that she proposed to assume and assign to buyers.

**E.    KRP's Status as Landlord on Five of the JIB Restaurant Sites**

12.    KRP is or was the landlord of five of the JIB stores to which Debtor Food Services Management was the lessee, as follows:

| Store Number | Address |
| --- | --- |
| 583 | 11802 Nevada City Highway, Grass Valley, CA |
| 4361 | 800 East Cypress Avenue, Redding, CA |
| 3426 | 8655 Auburn Boulevard, Citrus Heights, CA. |
| 3436 | 9179 Elk Grove-Florin Road, Elk Grove, CA |
| 3438 | 4820 Laguna Boulevard, Elk Grove, CA. |

**ASSERTION OF "CURE CLAIMS"**

**A.    The KRP Cure Claim**

13.    On January 25, 2010, KRP filed its General Unsecured Claim alleging that it was owed back rent in an amount that was unknown but believed to be in excess of $1 million.

14.    On March 3, 2010, KRP filed an opposition to Chapter 11 Trustee's Assumption Motion which objected to the proposed cure amounts needed to assume and assign the leases for the above-described stores.

15.    On March 16, 2010, KRP supplemented its March 3 opposition, [Docket No. 716 and **Exhibit A,** "Supplement"] wherein it objected to the Trustee's proposed set aside of $1,193,197.90 as expressed in the Trustee's Omnibus Reply for Leases.  By this Supplement KRP asserted that the proper cure amount was the sum of $3,482,195.00.

/ / /

/ / /

WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
Attorneys at Law
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

**B.    The CEF Claims**

16.    On March 8, 2010, CEF filed its objection to the Trustee's Notice of Cure Amounts [Docket Number 680, **Exhibit B**] wherein it claimed that each of the store number sites listed above is or was subject to a first priority lien in favor of CEF V. [1]

17.    In this objection CEF asserted that KRP is the current owner of two of the five properties in question, including Store Number 583 in Grass Valley Ca, and Store Number 4361 in Redding California, and that Equity Lenders is the successor in interest by foreclosure to KRP of the other three sites, namely Store Number 3426 at 8655 Auburn Boulevard, Citrus Heights, Ca; 3436 at 9179 Elk Grove-Florin Road, Elk Grove, Ca; and 3438 at 4820 Laguna Boulevard, Elk Grove, Ca.

18.    On March 12, 2010, CEF filed an amended objection which asserted a cure claim in the amount of $1,246,175.87, **Exhibit C**, and which further asserted that CEF was entitled to the back rent claims even as to the three sites which it had been foreclosed upon by Equity Lenders.

**C.    The Equity Lenders Claim**

19.    On March 3, 2010, Equity Lenders filed its objections to the Trustee's proposed cure amounts (**Exhibit D**) wherein it claimed to be the successor-in-interest by foreclosure to KRP of three of the sites, namely stores 3426, 3436, and 3438.  Equity Lenders asserted that because it was the Debtor's current landlord with respect to three of the five stores in question, it rather than CEF or KRP was entitled to be paid the back rent for the period August 1, 2008 to the date of close of escrow.  In particular Equity Lenders asserted that it was entitled to cure amounts concerning stores 3426, 3436, and 3438, for real property tax arrearages of about $25.6 to 28.5 thousand each, plus the greater of 10% of gross receipts, or base rent for the period August 1, 2008 to close of escrow, less rent paid, which it alleged totaled the sum of approximately $490,000 for the three stores, plus the back tax amount.

**D.    Common Basis for Each of the Claims**

20.    Each set of claims described above, that is the cure claims asserted by

---

[1] CEF Objection, Document 680, Exhibit C, Paragraph 3

WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP
Attorneys at Law
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
Attorneys at Law
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

1    KRP, by CEF, and by Equity Lenders is based in part on the same general theory,[2] and covers

2    the same or similar time frame for the particular restaurant site in question.

3           21.    The basis of CEF's claim was that rent was allegedly owed by FSM to

4    KRP **"from August 2008 onward."**[3]  CEF's objection begins with August 1, 2008 as the

5    starting date for the claimed cure amount because that is the date the first set of addendums for

6    each of these stores was executed.  These first addendums purported to amend the existing

7    leases, and due to the deteriorating economy, agreed to "abate" rent for the period August 1,

8    2008 to February 28, 2009, with the understanding that the abated rent would be rolled into a

9    note which would be paid over time.  Trustee's Exhibit F pages 174, 176, 178, 181.[4]  Then a

10   second set of addendums was executed for these stores which purported to simply "forgive" the

11   "abated" rent which was to have been converted to a note, and which instead simply purported

12   to cut future rent payments in half.  Trustee's Exhibit F, pages 175, 177, 179, 180, 182.

13          22.    CEF asserted, however, that the addendums were all null and void

14   because they had been executed without the consent of the senior lender, and in violation of

15   express provisions of the documents which secured the senior lender's loan.

16          23.    Equity Lenders' objections to the cure amounts proposed by the Trustee

17   are based on the same theory as was CEF's described above:  that the addenda executed by

18   KRP were void because they were done without the consent of the senior lender or Equity

19   Lenders, and without the consent of Trustee Steve Victor, the bankruptcy court, or the

20   creditors; it "presumed" that the tenant would have taken full advantage of the lease addenda;

21   therefore, Equity Lenders is entitled to be paid the back rent which it presumed hadn't been

22   paid because of the addenda. Equity Lenders objections to the Trustee's proposed cure claim

23   amounts were filed March 3, 2010, Docket Control Numbers 17 and 18.

24   _____

25   [2] With the exception that KRP and CEF assert back rent as to all five of the stores, whereas Equity Lenders only
     asserts claims regarding three of the five, and KRP asserted rights to unpaid back rent for periods prior to August

26   2008, whereas CEF and Equity Lenders claims were confined to back rent not paid after the addenda were
     executed.

27   [3] Chapter 11 Trustee's Objection to Kobra Restaurant Properties, LLC's Proof of Claim [No. 219] And Cure
     Claim, <u>Exhibit B</u> hereto, Paragraph 20, emphasis added.

28   [4] Trustee's "Exhibits A Through J in Support of 'Chapter 11 Trustee's Objection to Kobra Restaurant Properties,
     LLC's Proof of Claim [No. 219] and Cure Claim', Docket No. 209.

**E.**   **KRP Asserts That the GE Loan Documents Establish KRP's Priority Over GE/CEF at Least as to Some of the Back Rent Payments**

25.   CEF's claim that it is entitled to the back rents dating from **August 2008 onward** is contested and objected to by KRP, and because, among other reasons, CEF concedes that it did not actually provide notice to either the Trustee or to KRP that it was terminating the rights of the landlord to receive and collect rents until November 13, 2009, (CEF Objection, Docket Number 680, **Exhibit B**, Paragraph 5).

**F.**   **KRP Asserts That Equity Lenders is Not Entitled to Assert the Cure Claim**

26.   KRP contests and objects, and presumably CEF, and the Trustee will also object to and contest Equity Lenders' claimed entitlement to any back rents because:  any assignment of rents which Equity Lenders may have received in connection with its loan documents is trumped by GE's senior loan documents which assigned all rights to receive rent to it, and because Equity Lenders was paid in full for all outstanding obligations which the debtor owed to Equity Lenders at the time it credit bid the full amount of the indebtedness on each of the properties it foreclosed upon at the time of the Trustee's sales.  See Exhibit H to the Trustee's objections, at pages 186-201, Docket Control Number WS-27, indicating that for Store Number 3426 the amount of the unpaid debt at the time of the trustee's sale was $150,000, and the amount paid by Equity Lenders, the grantee, was $150,000; for Store Numbers 3436 and 3438  the debt and amount paid was $400,000.

**G.**   **Chapter 11 Trustee's Objection to Kobra Restaurant Properties, LLC's Proof of Claim [No 219] and Cure Claim**

27.   On or about April 12, 2010, the Trustee filed her objections to KRP's claims entitled "Chapter 11 Trustee's Objections to Kobra Restaurant Properties, LLC's Proof of Claim [No 219] and Cure Claim", **Exhibit E**.

28.   In her objection to KRP's claims the Trustee asserted, inter alia, without citation of authority, that KRP couldn't assert claims as to three of the five restaurants because it had been foreclosed out by Equity Lenders, and it was thus no longer the landlord as those three restaurants; that KRP could not assert claims to back rents for the other two store sites

WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
Attorneys at Law
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

1   because rights to receive those rents had been assigned to the senior lender as security for all

2   five of the sites, and because the senior had asserted their own cure claims for those same

3   amounts.   KRP disputes the validity of all of the Trustee's claims which she asserts in this

4   objection.    Some of the basis upon which KRP disputes these claims have been asserted in

5   "Kobra Restaurant Properties Preliminary Opposition to Trustee's Objection to KRP's Cure

6   Claim" filed on or about May 19, 2010, **Exhibit F**.

7                                          **RELIEF REQUESTED**

8                Plaintiff KRP request that the Court adjudicate all of the aforementioned

9   objections or cure claims filed by each of the parties, as well as the Trustee's objections, in the

10   same proceeding.

11                                          **PRAYER FOR RELIEF**

12          WHEREFORE, Plaintiff KRP prays that judgment be entered in Plaintiff's favor and

13   against Defendants as follows:

14          1.      With respect to KRP's General Unsecured Claim filed January 25, 2010 and its

15   Opposition to the Trustee's Assumption Motion filed March 3, 2010, and its supplemental

16   opposition filed March 16, 2010, and the Chapter 11 Trustee's Objections to Kobra Restaurant

17   Properties, LLC Proof of Claim [No. 219] and Cure Claim filed on or about April 12, 2010;

18   that the Court determine that KRP is entitled to an order requiring the Trustee pay its cure

19   claim in the amount of $3,482,195.00, or any other amount which the Court deems

20   appropriate; that the Court determine that the Trustee is not entitled to prevail on any of her

21   objections;

22          2.      With respect to CEF's cure claim filed March 8, 2010, entitled "Objection of

23   Secured Creditors CEF Funding L.L.C and CEF Funding V., LLC to Cure Amounts to be Paid

24   As a Condition to Assignment and Assumption of Leases (JIB Sites), Document No. 680, as

25   well as its amended cure claim filed March 12, 2010, entitled "Amended Objection of Secured

26   Creditors CEF Funding II, L.L.C. and CEF Funding V., LLC to Cure Amounts to be Paid as

27   Condition to Assignment and Assumption of Leases (JIB Sites)" Document No. 694, that the

28   Court determine that CEF is not entitled to prevail on its claims in the amounts asserted, or in

WAGNER KIRKMAN BLAINE
KLOMPARENS & YOUMANS LLP
*Attorneys at Law*
10640 Mather Blvd., Suite 200, Mather, CA 95655
Phone (916) 920-5286  Fax (916) 920-8608

1   any other amount(s) whatsoever;

2       3.      With respect to the claims filed by Equity Lenders on or about March 3, 2010

3   entitled "Cure Amount Objection by Landlord Equity Lenders, LLC, and Party-in-Interest B-Y

4   Investments, Inc."; that the Court determine that Equity Lenders is not entitled to prevail on its

5   claims in the amounts asserted, or in any other amounts whatsoever;

6       4.      That the Court set discovery schedules which are applicable to all concerned;

7       5.      That the Court grant KRP its costs of suit;

8       6.      That the Court grant such other and further relief as is just and warranted under

9   the circumstances.

10                          **DEMAND FOR JURY**

11      Plaintiff respectfully requests trial by jury.

12

    Dated:  September 3, 2010                    WAGNER KIRKMAN BLAINE
13                                               KLOMPARENS & YOUMANS LLP

14

15                                               By:  ____/s/ Douglas E. Kirkman_____
                                                      DOUGLAS E. KIRKMAN
16

17

18

19

20

21

22

23

24

25

26

27

28

*(left margin, vertical text):* WAGNER KIRKMAN BLAINE KLOMPARENS & YOUMANS LLP  *Attorneys at Law*  10640 Mather Blvd., Suite 200, Mather, CA 95655  Phone (916) 920-5286  Fax (916) 920-8608